IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

In Re:

**HAROLD S. ALBERTSON, JR.**          Case No. 2:13-bk-20455
                                       Chapter 7
   **Debtor.**

---

**AMITY REAL ESTATE. LTD.**

   **Plaintiff,**

v.                                     A.P. NO. _____

**HAROLD S. ALBERTSON, JR.,**

   **Defendant.**

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT

The Plaintiff, Amity Real Estate. Ltd. (hereinafter "Amity"), hereby complains as follows:

1. The Plaintiff, Amity, is a West Virginia corporation with it's principal place of business in Charleston resident of Kanawha County, West Virginia;

2. At all material times, the Defendent, Harold Albertson, was a resident of Kanawha County, West Virginia.

3. The Court has jurisdiction over this core proceeding pursuant to the provisions of 11 U.S.C.§§105, 523, and 541, and 28 U.S.C.§§156, 157, 1334.

4. On or about September 5, 2013, an involuntary Chapter 7 bankruptcy proceeding was filed against the Defendant.

5. After a hearing held November 6, 2013, an Order for Relief was entered against the Defendant. At said hearing, the Debtor orally informed the Court that he did not want or desire a

discharge of his debts.

6. The Defendant's first §341 Meeting of Creditors was held on December 13, 2013. The meeting was continued after the Defendant asserted his Fifth Amendment right not to testify against himself. The meeting was continued with the creditors having little, if any, understanding of the Defendant's financial affairs.

7. The Defendant's continued §341 meeting was held on January 24, 2014. The Debtor was more forthcoming in regard to his responses to the Trustee's questions. Specifically, the Defendant testified to a long list of individuals, many of whom were present or former clients of his law practice, from whom he had borrowed money.

8. The Defendant is a lawyer by trade who has recently had his license to practice law annulled by the West Virginia State Bar. Prior to the annulment, but more specifically some time in 2011, the Plaintiff was engaged to represent a young girl who had been seriously injured in an accident in Cabell County, West Virginia. The lawsuit is commonly referred to as the "Peyton" lawsuit. Thereafter, the Defendant engaged in a pattern and practice and course of conduct of borrowing money from individuals and entities by representing to them that he had a significant lawsuit that he was prosecuting that would generate a substantial fee for him and that if these various individuals and entities would loan him money, he would pay them a much greater than market interest rate plus a percentage of the total settlement of the lawsuit.

9. At the continued §341 meeting of creditors the Defendant testified that the Peyton lawsuit settled sometime during the summer of 2013, and that pursuant to West Virginia State law, a proceeding was held to approve the settlement. However, the Defendant testified that he did not know the total amount of the settlement and did not attend the settlement hearing.

10. The Plaintiff, Amity, was one of the numerous individuals or entities who loaned money based upon the representation fo the Defendant described Paragraph 8 above. See, Exhibit A.

11. The representations regarding repayment made to Amity and others were false and the Defendant knew them to be false at the time they were made, because, among other things, the amount of money the Defendant could reasonably expect to receive from the lawsuit was insufficient to repay the total amount of money he had borrowed and was borrowing from the Plaintiff and others.

## COUNT I

12. The Plaintiff reasserts and realleges all of the allegations contained in Paragraphs 1-11 above.

13. 11U.S.C.§523(a)(2)(A) provides generally that a debt for money, property, services or an extension, renewal, or refinancing of credit to the extent obtained by false pretenses, a false representation or actual fraud, other than statement respecting the debtors or an insiders financial condition, is excepted from discharge.

14. Upon information and belief, the Defendant engaged in a pattern and practice much akin to that of a "Ponzi" scheme, to obtain money from the Plaintiff and others, including former clients, upon false pretenses and based upon false representations that they would be repaid, with a premium, form the "Peyton" lawsuit.

15. The Defendant knew that the amount of monies that he was borrowing could never be repaid and thus committed actual fraud upon the Plaintiff and others.

16. Based upon the above allegations in Count I, and further based upon the

Defendant's admission in open court that he does not desire a discharge, the debt of the Defendant owing to the Plaintiff should be excepted from discharge in accordance with 11 U.S.C. §523(a)(2)(A). At present, the Plaintiff is unable to calculate the exact amount owing since it does not know the gross settlement amount of the Peyton Lawsuit.

## COUNT II

17. The Plaintiff reasserts and realleges all of the allegations contained in Paragraphs 1-16 above.

18. That 11U.S.C.§523(a)(2)(B) provides generally that a debt for money, property, services or an extension, renewal, or refinancing of credit to the extent obtained by use of a statement in writing- (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive;

19. That in addition to the allegations set forth above, the Defendant made specific written representations regarding the existence and value of collateral, the amount to be received from the Peyton Lawsuit and repayment of the loans which were materially false and published with intent to deceive upon which the Plaintiff reasonably relied.

**WHEREFORE,** the Plaintiff respectfully requests the following:

a. That the debt owing from the Defendant, Harold S. Albertson, Jr. to the Plaintiff, be excepted from discharge pursuant to provisions of U.S.C. §523(a)(2)(A).

b. That it be awarded a judgment against the Defendant in an amount to be

   determined and that the automatic stay be modified or lifted pursuant to 11

   §362(c)and that the Plaintiff may commence judgement enforcement proceedings

   against the Debtor.

c. That the Court award the Plaintiff its costs, including attorney fees and interests,

   and such other and further relief as this Court deems just and proper.

**<u>AMITY REAL ESTATE. LTD</u>**
By Counsel

Presented by:

/s/ James M. Pierson
James M. Pierson (WVSB#2907)
PIERSON LEGAL SERVICES
P.O. Box 2291
Charleston, WV 25328
(304) 925-2400
*Counsel for Amity Real Estate. Ltd.*